## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| PERLA FRAIRE, ROSARIO FRAIRE, | § | |
| RUBEN FRAIRE, and THE ESTATE OF | § | |
| HECTOR CESAR FRAIRE, | § | |
| | § | |
| Plaintiffs, | § | Civil No. 3:24-CV-2623-K |
| | § | |
| v. | § | |
| | § | |
| CATERPILLAR INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Caterpillar Inc.'s Motion for Summary Judgment (Doc. No. 34) and Brief in Support (Doc. No. 35) (together, the "Motion"). Plaintiffs Perla Fraire, Rosario Fraire, Ruben Fraire, and the Estate of Hector Cesar Fraire (together, "Plaintiffs") filed a response in Opposition to Defendant's Motion for Summary Judgment (the "Response") (Doc. 39), and Defendant filed a Reply in further support (the "Reply") (Doc. No. 40). The Court has carefully considered the Motion, the Response, the Reply, the summary judgment evidence, the relevant portions of the record, and the applicable law. Because Plaintiffs' claims are barred by the applicable Texas statute of repose, the Court finds Defendant is entitled to summary judgment as a matter of law and hereby **GRANTS** Defendant's Motion for Summary Judgment. This case is **DISMISSED with prejudice**.

I.      **Factual and Procedural Background**

Hector Fraire was killed on October 11, 2022, when a Caterpillar earthmoving truck (the "Truck") struck him while on a construction site in Kansas.  Doc. No. 1-3 at 4; Doc. No. 35 at 1; Doc. No. 39 at 5.  (Unless otherwise indicated, all record citations herein are to the CM/ECF assigned page number located at the top of the document.)  Hector Fraire's surviving spouse and children, along with his estate, filed this suit against Defendant in state court, on October 11, 2024.  Doc. No. 39 at 5; Doc. No. 1-3 at 2 (petition with state court file stamp including date and time in upper right corner); Doc. No. 1 at 1.  Plaintiffs allege generally that a "legal defect" with the Truck resulted in Hector Fraire's death and assert claims for negligence, gross negligence, strict products liability, liability as a non-manufacturing distributor, and "liability in general".  Doc. No. 1-3 at 5, 6-10.  Prior to being served in state court, Defendant removed this case to federal court on October 18, 2024, invoking the federal diversity jurisdiction.  Doc. No. 1 at 2, 3.  Plaintiffs timely filed a motion to remand on the basis that Defendant's removal was procedurally defective and, if remand was denied, to certify an interlocutory appeal.  *See generally* Doc. No. 11.  After the motion was fully briefed, the Court entered an order denying the motion to remand and Plaintiffs' request for leave to file an interlocutory appeal.  Doc. No. 15.  Thereafter, Defendant filed this Motion for Summary Judgment, which the Court now addresses.

## II.    Applicable Law

### A.    Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" FED. R. CIV. P. 56(a)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A fact is material if it 'might affect the outcome of the suit under the governing law,' while a dispute about that fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

If the nonmovant will have the burden of proof on the claim at trial, the moving party must identify those portions of the record it believes demonstrate the absence of evidence on an essential element of that claim. *Celotex*, 477 U.S. at 323. This burden is satisfied when the movant shows that the nonmovant "has completely failed to prove 'an essential element of the nonmoving party's case'" *Owens*, 33 F.4th at 824 (cleaned up) (quoting *Celotex*, 477 U.S. at 323). The court views all evidence and reasonable inferences in the light most favorable to the nonmovant. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

Once the movant satisfies its burden, the nonmovant must "identify specific evidence in the record" and "articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.

1998); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996)(en banc) (nonmovant may satisfy this burden by providing depositions, affidavits, and other competent evidence). "There can be no genuine dispute as to a material fact where [the nonmovant] fails 'to make a showing sufficient to establish the existence of an element essential to that party's case, and on which [it] will bear the burden of proof at trial.'" *Guillot on behalf of T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023) (quoting *Celotex*, 477 U.S. at 322). "[U]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Luna v. Davis*, 59 F.4th 713, 715 (5th Cir. 2023) (internal quotations and citation omitted); *accord Guillot*, 59 F.4th at 750 ("Speculative theories cannot defeat a motion for summary judgment."); *Douglass*, 79 F.3d at 1429.

The court is not tasked with "sift[ing] through the record in search of evidence" supporting the nonmovant's opposition to summary judgment. *Ragas*, 136 F.3d at 458 (internal quotations omitted); *see United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Indeed, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v .Garber*, 353 F.3d 393, 404 (5th Cir. 2003). Further, this Court's Local Civil Rules provide that, "[w]hen citing materials in the record . . ., a party must support each assertion by citing each relevant page of its own or the opposing party's appendix." L. Civ. R. 56.5(c).

### B.    Choice of Law

Sitting in diversity, this Court must determine the applicable law by applying the choice-of-law rules of the forum state. *R.R. Mgmt. Co., L.L.C. v. CFS La. Midstream Co.*, 428 F.3d 214, 222 (5th Cir. 2005); *see Burdett v. Remington Arms Co., L.L.C.*, 854 F.3d 733, 735 (5th Cir. 2017). In Texas, courts generally apply the "most significant relationship" test of the Restatement (Second) of Conflict of Laws in determining the applicable substantive law. *Hyde v. Hoffman-La Roche, Inc.*, 511 F.3d 506, 511 (5th Cir. 2007). However, in actions for injury or death that happened outside of Texas, the Texas Legislature codified the choice-of-law provision that applies in § 71.031(a) of the Texas Civil Practice and Remedies Code. *Hyde*, 511 F.3d at 511; *see Burdett*, 854 F.3d at 735 ("[B]oth this court and the Supreme Court of Texas have concluded that § 71.031 is a codified choice of law provision.") (citing *Hyde*, 511 F.3d 506 and *Owens Corning v. Carter*, 997 S.W.2d 560 (1999)); *Stevenson v. Ford Motor Co.*, 608 S.W.3d 109, 120 (Tex.App.—Dallas 2020, no pet.).

Section 71.031(a) provides, in relevant part, that:

> An action for damages for the death or personal injury of a citizen of this state, of the United States, or of a foreign country may be enforced in the courts of this state, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country, if:
> (1) a law of the foreign state or country or of this state gives a right to maintain an action for damages for the death or injury;
> (2) the action is begun in this state within the time provided by the laws of this state for beginning the action; [and]
> (3) for a resident of a foreign state or country, the action is begun in this state within the time provided by the laws of the foreign

state or country in which the wrongful act, neglect, or default took place; . . .

TEX. CIV. PRAC. & REM. CODE § 71.031(a).  It is well-established that § 71.031 applies with equal force in federal court as it does in state court.  *Burdett*, 854 F.3d at 736.

### III.    Analysis

Defendant argues it is entitled to summary judgment as a matter of law because Plaintiffs' claims are untimely under the Texas product liability statute of repose.  Doc. No. 35 at 4-5.  Defendant contends that, in wrongful death suits such as this, § 71.031 requires that Plaintiffs must have initiated this suit within the time required by Texas law as well as the foreign state or country where the incident occurred.  *Id.* at 5.  Defendant further asserts that, for purposes of § 71.031(a), the timeliness of the action refers to both the statutes of limitations and statutes of repose.  *Id.* at 4.  According to Defendant, Plaintiffs brought this suit well past the 15-year period provided for in the Texas product liability statute of repose and, therefore, their claims are barred.  *Id.*

In their Response, Plaintiffs argue that statutes of repose are substantive law, and this Court is required to conduct a "most significant relationship" choice of law analysis to determine whether Texas or Kansas substantive law applies.  Doc. No. 39 at 7-11.  Because Defendant fails to demonstrate that Texas' statute of repose applies rather than Kansas' statute of repose, Plaintiffs contend that summary judgment must be denied. *See id.* at 13.  Plaintiffs also argue in depth that, even if Defendant had

addressed the "most significant relationship" conflict of law analysis, Kansas' statute of repose would nevertheless apply warranting additional briefing. *Id.* at 13-16.

Defendant submits in its Reply that the Fifth Circuit has decided this exact issue, holding that § 71.031(a) is a codified choice of law provision and, therefore, Plaintiffs were required to bring this suit at least within the time required by Texas law, which encompasses both statutes of limitations and statutes of repose. *See, e.g.*, Doc. No. 40 at 2, 5. Defendant then disputes the remainder of Plaintiffs' responsive arguments and case law cited in support. *See generally id.*

## A. Applicability of Section 71.031(a)

Plaintiffs assert that Hector Fraire's death was due to an alleged "legal defect" with the Truck that Defendant "designed, manufactured, distributed, sold, leased, maintained, serviced, inspected, and/or tested[.]" Doc. No. 1-3 at 5. The parties do not dispute that the Truck struck and killed Hector Fraire at a construction site in Kansas. *See* Doc. No. 35 at 1; Doc. No. 39 at 5. Further, Defendant's summary judgment evidence establishes that the Truck was built in the United Kingdom and was then sold to Ring Power Corporation in Jacksonville, Florida. Doc. No. 35-3 at 3; Doc. No. 35 at Ex. D (invoice). Plaintiffs present no evidence controverting where the Truck was manufactured or where the buyer was located. On this summary judgment record, it is clear that "the wrongful act, neglect, or default" that Plaintiffs claim caused Hector Fraire's death occurred outside of Texas and, so, § 71.031(a) applies. *See also, e.g., Burdett*, 854 F.3d at 734, 736 (looking to the state where the allegedly defective

rifle was designed, manufactured, and assembled in determining the governing law, including statute of repose); *Van Heurck v. Rolls-Royce Corp.*, Civ. Action No. 3:23-CV-0345-S, 2025 WL 325783, at *3 (N.D. Tex. Nov. 22, 2025)(Scholer, J.) ("In cases alleging manufacturing or design defects, courts applying Texas law generally consider the place of a defendant's wrongful act to be the place of manufacture or design."); *Brown v. Paccar Inc.*, 2024 WL 4860789, at *4 (E.D. Tex. Nov. 21, 2024) (considering whether to apply substantive law of Texas, where case was filed, or Arizona, where the buyer of the tractor was located, but not Oklahoma, where the accident occurred); *Goodwin v. Medtronic, Inc.*, 2021 WL 7448501, at *2 (E.D. Tex. June 4, 2021).

By its clear language, § 71.031(a) presents "two possible scenarios":

> If the plaintiff is a Texas resident, he faces two requirements to bring suit: "(1) a law of the foreign state . . . or of [Texas] gives [him] a right to maintain an action for damages for the death or injury"; and "(2) the action is begun in [Texas] within the time provided by the laws of [Texas] for beginning the action." If the plaintiff is a resident of a foreign state, there is an *additional requirement*: the action must be "begun in [Texas] within the time provided by the laws of the foreign state . . . in which the wrongful act, neglect, or default took place."

*Burdett v. Remington Arms. Co., LLC*, Civ. Action No. 3:15-CV-4038-B, 2016 WL3745682, at *4 (N.D. Tex. July 13, 2016)(Boyle, J.) (emphasis added), *aff'd*, 854 F.3d 733. What Plaintiffs cannot escape is that, under either scenario, their claims are barred. The language of § 71.031 makes it crystal clear that a plaintiff filing suit in Texas for wrongful death must initiate the action "within the time provided by the laws of [Texas] for beginning the action," *regardless*. § 71.031(a)(2); *see Burdett*, 854 F.3d at

736 (confirming that the suit had to be timely filed pursuant to § 71.031(a)(2), "a requirement that must be satisfied regardless of whether Burdett is considered a resident of Texas or Georgia.").  It is well established that "with the time provided by the laws" includes any applicable Texas statute of repose.  *See Hyde*, 511 F.3d at 511 (the phrase "within the time provided by the laws" referred to in § 71.031(a) "includes both statutes of limitations and statutes of repose.") (citing *Gilcrease v. Tesoro Petroleum Corp.*, 70 S.W.3d 265, 269 (Tex.App.—San Antonio 2001, pet. denied)); *Owens Corning*, 997 S.W.2d at 573; *Burdett*, 854 F.3d at 736; *Brown v. Paccar Inc.*, 2024 WL 4860789, at *4 (E.D. Tex. Nov. 21, 2024); *Stevenson*, 608 S.W.3d at 120.

### B.  **Texas Statute of Repose Bars Plaintiffs' Claims**

The Texas statute of repose governing product liability suits provides that such suit must be brought against a manufacturer or seller within 15 years of the sale date of the product at issue.  TEX. CIV. PRAC. & REM. CODE § 16.012(b); *see id.* § 16.012(a)(2) ("Products liability action" is defined as "any action against a manufacturer or seller for recovery of damages or other relief for harm allegedly caused by a defective product.").  "[T]he statute of repose begins running when the product is first sold by the [defendant]."  *Burdet*, 854 F.3d at 735 (internal quotations omitted).  Under § 16.012(b), Plaintiffs were required to bring this suit "before the end of 15 years after the date of the sale" of the Truck. The summary judgment evidence establishes that, after the Truck was built, Defendant sold the Truck in August 2004. Doc. No. 35-3 at 3-4.  Plaintiffs filed this action in state court on October 11, 2024—

more than 20 years later. *See, e.g.*, Doc. No. 1 at 1. Plaintiffs have offered no evidence to rebut the sale date, which triggered the statute of repose, and they have not otherwise raised a genuine fact issue as to this suit having been commenced within the 15 year period of the Truck being sold in August 2004. Without question, Plaintiffs' claims are barred under § 16.012(b) and, therefore, Defendant is entitled to summary judgment.

Plaintiffs contend that statutes of repose are substantive state law and subsection (c) of § 71.031 requires the Court to conduct "a highly fact-intensive 'most significant relationship'" analysis to determine whether Texas or Kansas substantive law applies in this matter. *Id.* Plaintiffs then reason that, "before it can be determined whether the Texas statute of repose applies in the first instance," the Court must perform this "most significant relationship" analysis. *Id.* The Fifth Circuit does not agree.

In addressing the same argument advanced by Plaintiffs here, the Fifth Circuit concluded in *Hyde* that, even though "subsection (c) directs application of substantive law 'as appropriate under the facts of the case,'. . . this general directive does not override the more specific references in subsections (a)(2) and (a)(3) to 'the time provided by the laws.'" *Hyde*, 511 F.3d at 512. This "codified choice-of-law rule govern[s] the timeliness of [these types of] actions" and, by the clear statutory language, this includes the Texas statute of repose. *Owens Corning*, 997 S.W.2d at 573; *see Hyde*, 511 F.3d at 511 (the phrase "within the time provided by the laws" referred to in § 71.031(a) "includes both statutes of limitations and statutes of repose."). The

Court is not persuaded by Plaintiffs' argument nor their attempts to distinguish the binding case law and, therefore, the undersigned will not disregard "the more specific references in subsections (a)(2) and (a)(3)" in favor of the "general directive" of subsection (c). *Hyde*, 511 F.3d at 512.

As the Court previously explained, Plaintiffs are required to satisfy the Texas statute of repose under § 71.031(a)(2) regardless of whether the substantive law of a foreign state or country may also apply pursuant to § 71.031(a)(3). Accordingly, the Court need not determine the foreign state or country whose substantive law may apply because the outcome would not change.

## IV.    Conclusion

For the foregoing reasons, the Court concludes that Plaintiffs' claims are barred thereby entitling Defendant to summary judgment as a matter of law. Thus, the Court **grants** Defendant's Motion for Summary Judgment. This case is **dismissed with prejudice**.

**SO ORDERED.**

Signed February 18th, 2026.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE

11